**Sanders Lamont ADAMS, 93–A–7902, Plaintiff,**

v.

**M.P. MCGINNIS, Superintendent of Southport Correctional Facility, Eliot Spitzer, Attorney General of the State of New York Defendants.**

**No. 04–CV–0284S.**

United States District Court, W.D. New York.

May 3, 2004.

Sanders Lamont Adams, Pine City, NY, Pro Se.

## DECISION AND ORDER

LARIMER, District Judge.

Petitioner Sanders Lamont Adams, an inmate at the Southport Correctional Facility, has submitted a petition for habeas corpus relief, pursuant to 28 U.S.C. § 2254, in which he purportedly challenges a disciplinary sentence of six months in the Special Housing Unit ("SHU") that was imposed on October 1, 2003 following a disciplinary hearing. He claims in the petition that his rights to procedural due process in relation to the disciplinary hearing were violated when he was denied inmate assistance, the right the right to call witnesses and an impartial hearing officer. He also claims, *inter alia,* that the misbehavior report which led to the subject disciplinary hearing was false and filed in retaliation for his filing of previous grievances and complaints, and that as a result of the sentenced imposed (six months SHU), which was ordered to be consecutive to a number of previous disciplinary sentences, he has been subjected to cruel and unusual punishment. (Docket No. 1). Plaintiff seeks permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a).

Based upon the allegations that petitioner was sentenced to six months SHU, but nothing else—*e.g.,* loss of good time credits—this action appears to be one that should have been brought under 42 U.S.C. § 1983, and not 28 U.S.C. § 2254, because the disciplinary sentence challenged herein does not impact the overall length of the plaintiff's confinement on his state court criminal conviction. *See Edwards v. Balisok,* 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997); *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); *Preiser v. Rodriguez,* 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *see also Jenkins v. Haubert,* 179 F.3d 19, 25 (2d Cir.1999) ("a § 1983 suit by a prisoner ... challenging the validity of a disciplinary or administrative sanction that does not affect the overall length of the prisoner's confinement is not barred by *Heck* and *Edwards* "). However, before the Court recharacterizes this petition as a complaint under 42 U.S.C. § 1983, *see Chambers v. U.S.,* 106

F.3d 472, 475 (2d Cir.1997) (*pro se* petitions should be characterized according to the relief sought, and not to the label given to them by *pro se* prisoners unlearned in the law), it will give petitioner the opportunity to show that this action was properly brought as a petition for habeas corpus relief under 28 U.S.C. § 2254 and should not be recharacterized as a civil action under 42 U.S.C. § 1983, and that the application to proceed *in forma pauperis* should not denied pursuant to 28 U.S.C. § 1915(g).[1] In addition, if petitioner intends to claim that this action was properly brought as a habeas corpus petition he must also show cause why this petition should not be dismissed without prejudice for his failure to exhaust his state court remedies. *See* 28 U.S.C. § 2254(b)(1); *Jenkins v. Duncan,* 2003 WL 22139796, *4 (N.D.N.Y. Sept. 16, 2003).[2]

Petitioner is, therefore, directed to file a response to this Order by May 26, 2004, and show cause why the petition should not be recharacterized as a civil action under 42 U.S.C. § 1983 and why the application to proceed *in forma pauperis* should not be denied pursuant to § 1915(g). Petitioner must also show cause by that same date why the petition as brought should not be dismissed without prejudice for his failure to exhaust his state court remedies. Petitioner is directed that he shall include in his response a description of the full disciplinary sentence that was imposed by the Hearing Officer on October 1, 2003, if there were disciplinary sanctions in addition to six months in SHU, and any and all steps he took to challenge the sentence, both administratively and in state court. The response shall also attach or provide copies of the Hearing Officer's disposition and sentence, and all applications, motions, appeals or the like that petitioner brought challenging the disciplinary sentence and any decisions or orders disposing of any such applications, motions or appeals.

1. Petitioner has had two cases dismissed by this Court for strike reasons:98–CV–0675S(H), and 00–CV–0188S(Sr); at least one case dismissed by the United States District Court for the Southern District of New York for strike reasons: 00–CV–7301; and at least one appeal dismissed by the Second Circuit Court of Appeals for strike reasons: 00–CV–0341. Additionally, the Order of the United States District Court for the Northern District of New York transferring this action to this Court notes that petitioner has garnered three or more strikes in the numerous civil rights actions he has brought. *Adams v. McGinnis,* Civ. No. 9:04–CV–295 (TJM/GJD), slip. op. at n. 1 (N.D.N.Y. April 8, 2004). (Docket No. 4). The Court notes that the Prisoner Litigation Reform Act of 1996, of which the "three strike rule" of 28 U.S.C. § 1915(g) was a part, does not apply to habeas petitions brought under 28 U.S.C. § 2254, *see Reyes v. Keane,* 90 F.3d 676, 678 (2d Cir.1996) (we conclude that Congress did not intend the PLRA to apply to petitions for a writ of habeas corpus), *overruled on other grounds by Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and that petitioner, being a savvy and experienced *pro se* litigator who has had cases dismissed because of his failure to file the civil action filing fee after his application to proceed *in forma pauperis* was denied based upon the three strikes rule, *Adams v. Selsky,* Civ. No. 02–CV–0466S(Sr), slip op. (W.D.N.Y. Oct. 25, 2002), may have brought this proceeding as a habeas corpus petition to make an end run around the three strikes rule.

2. The petition notes that petitioner did not exhaust his state court remedies by challenging the disciplinary sentence in a proceeding brought in state court under Article 78 of New York's Civil Practice and Rules. *See Jenkins,* 2003 WL 22139796, at *4; *Green v. McGinnis,* 2003 WL 548826 (W.D.N.Y. Feb. 5, 2003). If plaintiff did not exhaust his state court remedies he must explain why he did not and why he believes he was not required to do so, either because he would be procedurally barred from doing so, in which case he would need to show cause and prejudice, or for some other reason. *See Coleman v. Thompson,* 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

Plaintiff is forewarned that his failure to respond to this Order by **May 26, 2004** will lead to the recharacterization of the petition as a civil action under 42 U.S.C. § 1983, without further notice to him, and the issuance of an order directing him to pay the civil action filing fee of $150.00 or the action will be dismissed.

IT IS SO ORDERED.