The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader. The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY
December 3, 2020

## 2020COA168

**No. 19CA1189, *Rueb v. Rich-Fredericks* — Courts and Court
Procedure — Inmate Lawsuits — Successive Claims**

When an inmate has three or more civil lawsuits that were
dismissed for being frivolous, groundless, malicious or failed to
state a claim — referred to as "strikes" — the inmate loses the
privilege to file a new civil action based on prison conditions in
forma pauperis. In this case, a division of this court considers
whether that same loss of privilege applies under section 13-17.5-
102.7(1), C.R.S. 2020 when an inmate's civil complaint includes
claims for relief based on prison conditions and non-prison
conditions. The division concludes that an inmate's civil action that
contains both prison related and non-prison related claims, may be
dismissed if the inmate has three or more strikes and the inmate is
given the opportunity to pay the filing fee and fails to do so.

COLORADO COURT OF APPEALS     **2020COA168**

Court of Appeals No. 19CA1189
Las Animas County District Court No. 18CV11
Honorable Stephen M. Munsinger, Judge

Justin Rueb,

Plaintiff-Appellant,

v.

Jacquellyn Rich-Fredericks, Patrick Sayas, Stacy Mortensen, Patrick
McCarville, Jennifer Huss, Nicole Geller, James Quinn, Colorado Department of
Corrections, Cheryl Saucedo, Rick Raemisch, Aristedes Zavaras, Joe Ortiz,
Larry Reid, Dana M. Kernan, Monique Sheperd, Richard Grahn, and Dana
Hatfield,

Defendants-Appellees.

ORDER AFFIRMED

Division IV
Opinion by JUDGE JOHNSON
Terry and Richman, JJ., concur

Announced December 3, 2020

Justin Rueb, Pro Se

Philip J. Weiser, Attorney General, Amy Colony, Senior Assistant Attorney
General, Denver, Colorado, for Defendants-Appellees Jacquellyn Rich-
Fredericks, Patrick Sayas, Stacy Mortensen, Patrick McCarville, Jennifer Huss,
Nicole Geller, James Quinn, Colorado Department of Corrections, Cheryl
Saucedo, Rick Raemisch, Aristedes Zavaras, Joe Ortiz, Larry Reid, Dana M.
Kernan, and Monique Sheperd

Bruno, Colin, and Lowe, P.C., Michael T. Lowe, Denver, Colorado, for
Defendants-Appellees Richard Grahn and Dana Hatfield

¶ 1    Under Colorado law, an inmate may qualify to file a civil action in forma pauperis. § 13-17.5-103(1), C.R.S. 2020. But under section 13-17.5-102.7(1), C.R.S. 2020, an inmate no longer retains that privilege if he or she files three or more civil lawsuits based on prison conditions and those lawsuits are dismissed for being frivolous, groundless, or malicious, or failing to state a claim upon which relief may be granted. Lawsuits that are dismissed on these grounds are sometimes referred to as "strikes."

¶ 2    This case presents the following question: When an inmate's civil complaint includes claims for relief based on prison conditions and non-prison conditions — and the inmate has three strikes — does that statute nonetheless apply, requiring the inmate to pay a filing fee? We determine it does. Because plaintiff, Justin Rueb (Rueb), had three strikes, the district court properly dismissed his complaint that included both prison and non-prison condition claims when he failed to pay the filing fee.

## I.    Background

¶ 3    In 2018, Rueb filed a complaint in district court against numerous individuals in an official capacity and a state and city

1

entity (collectively defendants).[1]  The complaint alleged claims against defendants arising from (1) the original criminal charges against him; (2) calculation of his sentence; (3) denial of access to his property by the Colorado Department of Corrections (DOC); and (4) defenses taken against various actions he brought against the Attorney General's Office, the DOC, and his former public defender. Rueb requested to proceed in forma pauperis and the district court initially granted his request.

¶ 4    The defendants filed a motion to reconsider the district court's order, arguing that Rueb had accumulated more than three strikes under section 13-17.5-102.7(1).  The district court agreed with the defendants and reversed its prior order granting Rueb permission to proceed in forma pauperis.  The district court then gave Rueb thirty

---

[1] The defendants named in Rueb's complaint include Jacquellyn Rich-Fredericks, Patrick Sayas, Stacy Mortensen, Patrick McCarville, Jennifer Huss, Nicole Geller, James Quinn, the Colorado Department of Corrections (DOC), Cheryl Saucedo, Rick Raemisch, Aristedes Zavaras, Joe Ortiz, Larry Reid, Dana M. Kernan, Monique Sheperd, the City of Aurora, Richard Grahn, Dana Hatfield, Charles Dunn, Justin P. Moore, and Candace Carlson. Although Rueb sued the individuals in their official capacities, nothing in the record indicates the nature of their official titles or positions.

days to pay the filing fee; after he failed to do so, the court dismissed Rueb's complaint. This appeal followed.

## II. Motion to Proceed in Forma Pauperis

¶ 5    Rueb contends that his complaint contains claims involving civil rights, declaratory judgment, and several common law torts including false imprisonment, abuse of process, and civil conspiracy, and therefore it is not subject to section 13-17.5-102.7(1).[2]

---

[2] Rueb raises eight arguments in his opening brief, although these can be distilled down into the one issue regarding the denial of his motion to proceed in forma pauperis. His arguments are as follows: (1) "Colo. Rev. Stat. § 13-17.5-102.7 Does Not Apply To Preclude 'Grant' Of Rueb's In Form Pauperis' Motion In This Case, Because These Claims Are Not 'Prison Conditions' Based Claims"; (2) "Colo. Rev. Stat. § 13-17.5-102.7 Does Not Apply To Rueb's 'Claim: 11' Federal 42 U.S.C. § 1983 Claim"; (3) "Colo. Rev. Stat. § 13-17.5-102.7 Does Not Apply To Rueb's 'Declaratory Judgement' Claim"; (4) "Colo. Rev. Stat. § 13-17.5-102.7 Does Not Apply To Restrict The Filing Of 'Common Law' Tort-Based Claims Such As The Claims Being Litigated In The Case At Bar"; (5) "The District Court Erred By Granting Defendant Moore A Severed 'Statute Of Limitations' Defense On The 'Joint' Civil Conspiracy Claim That Did Not 'Accrue' Until The Final 'Act'"; (6) "The District Court Erred By Granting Defendant Moore The Protection of 'Absolute Prosecutor Immunity' Where Moore's 'Acts' Foreseeably Led To A 'Deprivation of Rueb's Liberty'"; (7) "The District Court Erred By Ruling That Rueb's Complaint Does Not State A Claim For 'Abuse Of Process'"; and (8) "The District Court Erred By Ruling That Rueb's Complaint Does Not State A Claim For 'Civil Conspiracy.'"

¶ 6    Although it is true that his complaint contains some claims unrelated to prison conditions, we are not persuaded that their inclusion enables him to avoid this provision.

### A.    Standard of Review and Applicable Law

¶ 7    We review de novo a district court's order dismissing a case as a matter of law. *Asphalt Specialties Co., Inc. v. City of Commerce City*, 218 P.3d 741, 744 (Colo. App. 2009). Statutory interpretation is a question of law reviewed de novo. *Bill Barrett Corp. v. Lembke*, 2020 CO 73, ¶ 13.

¶ 8    Section 13-17.5-103(1) enables inmates who seek to proceed in a civil action without the prepayment of fees to petition the court for leave to do so based upon a demonstration of inability to pay. However, if the action fails to state a claim on which relief may be granted or is frivolous, groundless, or malicious, the motion to proceed in forma pauperis will be denied. *Id.* Further, section 13-17.5-102.7(1), provides that

> [n]o inmate who on three or more occasions has brought a civil action based upon prison conditions that has been dismissed on the grounds that it was frivolous, groundless, or malicious or failed to state a claim upon which relief may be granted or sought monetary relief from a defendant who is immune from such

> relief, shall be permitted to proceed as a poor person in a civil action based upon prison conditions under any statute or constitutional provision.

Thus, an action also will be denied when the inmate has three or more previous "strikes."

¶ 9 Adopting the reasoning of federal courts, another division of this court held that "[p]roceeding in forma pauperis in a civil case is a privilege, not a right, fundamental or otherwise." *Farmer v. Raemisch*, 2014 COA 3, ¶ 12. In other words, section 13-17.5-102.7(1) does not violate a defendant's right to access to the courts. *Id.* at ¶ 14.

## B. Analysis

¶ 10 Here, Rueb previously filed at least four complaints in state court involving prison conditions, all of which were dismissed for being frivolous, groundless, or failing to state a claim:

- Logan County District Court case number 11CV97 involved a request for a transfer from administrative segregation to the state mental health hospital. This action was dismissed on January 4, 2012, for failure to state a claim and lack of subject matter jurisdiction.

5

- El Paso District Court case number 13CV288 involved a replevin action seeking return of electronics and pornographic materials not permitted by prison policy. The action was dismissed on February 3, 2014, for failure to state a claim and lack of subject matter jurisdiction.

- Lincoln County Small Claims Court case number 13S13 involved a replevin action arising out of the confiscation of electronics and pornographic material. This action was dismissed on February 12, 2014, pursuant to the Colorado Governmental Immunity Act. The court further held that nearly identical claims had been brought and dismissed against the same defendants in three other state court cases.

- Lincoln County Court case number 15C4 involved a replevin action seeking return of confiscated electronics and pornographic material. The civil action was dismissed on July 1, 2015, as it was frivolous and groundless.

¶ 11    Thus, the record demonstrates that Rueb has accumulated more than the three strikes required under section 13-17.5-102.7(1) to prevent an inmate from proceeding in forma pauperis.[3]

¶ 12    Rueb contends, however, that because his claims for relief are unrelated to prison conditions, his complaint is not subject to the three strikes rule under section 13-17.5-102.7. True, some of Rueb's claims are not related to prison conditions and instead concern, for example, his arrest and prosecution. But Rueb acknowledges that three of his claims "have 'elements' of 'prison conditions' contained within them." Rueb's claims eight through twelve contain more than just "elements" of prison conditions allegations.[4] Indeed, the claims arise from his prior lawsuits involving the confiscation of pornography contrary to various prison

---

[3] Rueb has also filed an additional twenty-one actions in federal district court that have fared no better and ostensibly would be considered "strikes" due to their dispositions. But because Rueb has already accumulated the three strikes necessary based on the cases he filed in Logan, El Paso, and Lincoln Counties, we leave for another day whether a lawsuit initiated in federal district court in Colorado is considered a "civil action" that was filed "within the state," as that term is defined in section 13-17.5-102(1), C.R.S. 2020.

[4] Rueb refers to his eighth claim for relief as his seventh claim for relief.

policies and regulations. Additional allegations concern the actions of the Attorney General's Office and other DOC employees denying him access to compensation due to the dismissal of those prior lawsuits.

¶ 13    Neither party cites to, nor are we aware of, any authority indicating that if a portion of the claims do not arise from prison conditions then section 13-17.5-102.7(1) is inapplicable. But statutory interpretation supports a determination that the provision applies, even if an inmate files a mixture of claims, some of which may be prison-condition related.

¶ 14    The primary goal in interpreting a statute is to give effect to the General Assembly's intent. *BP Am. Prod. Co. v. Colo. Dep't of Revenue*, 2016 CO 23, ¶ 15. To do this, we apply the plain and ordinary meaning to words and phrases. *Id.*; *see also Ceja v. Lemire*, 154 P.3d 1064, 1066 (Colo. 2007).

¶ 15    Section 13-17-102.7(1) bars an inmate from proceeding in forma pauperis in a subsequent "civil action *based upon* prison conditions under any statute or constitutional provision" when he or she has three strikes. (Emphasis added.) This provision does not exclude the possibility that a civil action may only be based, in

part, on prison conditions. If the General Assembly intended that this provision apply to lawsuits *solely* involving prison condition claims, it could have so indicated by adding that word. *See People ex rel. Rein v. Meagher*, 2020 CO 56, ¶ 22 (we do not add words to legislative enactments).

¶ 16  This interpretation is consistent with the purpose of section 13-17.5-102.7(1), which is to preserve judicial resources and deter "frivolous and meritless prisoner lawsuits." *Farmer*, ¶ 18. Thus, even though Rueb's complaint contains some issues unrelated to prison conditions, this does not enable him to avoid the bar set by that provision, as holding otherwise would defeat the purpose of the statute. *Cf. Brown v. Megg*, 857 F.3d 287, 291 (5th Cir. 2017) (attempting to characterize a lawsuit as a habeas petition to avoid a strike would be an "end run around" the purpose of the three strikes provision); *Adams v. McGinnis*, 317 F. Supp. 2d 246, 247 n.1 (W.D.N.Y. 2004) (bringing a civil lawsuit styled as a habeas petition, excepted by federal law from the rule, would be an "end run around the three strikes rule").

¶ 17  Rueb chose to file a complaint that included current claims both related and unrelated to prison conditions. Consequently, he

ran the risk of having his complaint deemed subject to the three strikes provision, and thus ineligible to file in forma pauperis. We note that section 13-17.5-102.7(1) would not automatically prevent Rueb from seeking to proceed in forma pauperis on a separate complaint involving only claims unrelated to prison conditions, or — if he paid the filing fee — from proceeding on a separate complaint consisting of solely prison condition claims. *See Farmer*, ¶ 12 ("The 'three-strike rule' does not prohibit an inmate from filing suit; it merely prohibits an inmate from doing so without paying the filing fee which all civil plaintiffs must pay."); *see also Lopez v. Haywood*, 41 A.3d 184, 188 (Pa. Commw. Ct. 2012) (holding under a three strikes provision that an inmate may file his prison condition lawsuit by paying the filing fee even if he has three strikes, as dismissal under the three strikes provision would constitute a denial of access to the courts).

¶ 18    But because the district court gave Rueb thirty days to pay the filing fee — involving a complaint that even he concedes includes some claims that are prison condition related — and he did not, we discern no error.

### III. Conclusion

¶ 19     The district court's order is affirmed.

JUDGE TERRY and JUDGE RICHMAN concur.