FILED
United States Court of Appeals
Tenth Circuit

August 4, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOE FLOYD FULLER, SR.,

        Plaintiff - Appellant,

v.

BILLY WILCOX, Sergeant Deputy,
Johnson County Detention Center;
VALERIE (LNU), Nurse, Johnson County
Detention Center; CORRECT CARE
SOLUTIONS,

        Defendants - Appellees.

No. 08-3077
(D. Ct. No. 08-CV-03065-SAC)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **TACHA, KELLY**, and **McCONNELL**, Circuit Judges.

Joe Floyd Fuller, a prisoner appearing pro se, appeals the district court's order

denying his motion for leave to proceed in forma pauperis (IFP) in his civil rights action

in the district court. The district court also denied Mr. Fuller leave to proceed IFP on

appeal. Exercising jurisdiction pursuant to 28 U.S.C. § 1291,[1] we grant Mr. Fuller leave

to proceed IFP on appeal, vacate the district court's order denying him leave to proceed

---

[*]This order and judgment is not binding precedent except under the doctrines of
law of the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1]An order denying a motion for leave to proceed IFP is a final, appealable order.
*Roberts v. United States Dist. Ct.*, 339 U.S. 844, 845 (1950) (per curiam).

IFP in that court, and remand for further proceedings.

## I. Background

In a previous order, this Court found that Mr. Fuller had filed in federal court at least three prisoner actions or appeals that were determined to be frivolous or malicious or failed to state a claim upon which relief may be granted. *Fuller v. Wilcox*, No. 08-3077, Mar. 24, 2008. Mr. Fuller does not challenge his status as a prisoner who has filed at least three such actions or appeals. Consequently, under 28 U.S.C. § 1915(g), Mr. Fuller may not proceed IFP on appeal—or in the district court—unless he is "under imminent danger of serious physical injury." We therefore ordered Mr. Fuller to show cause why this appeal should not be dismissed for failure to prepay the entire appellate filing fee as required by § 1915(g).

## II. Discussion

To determine whether Mr. Fuller is "under imminent danger of serious physical injury," we look to the allegations in his complaint. *See Ibrahim v. Dist. of Columbia*, 463 F.3d 3, 6 (D.C. Cir. 2006). In addition, we liberally construe his complaint, accepting the allegations as true. *See Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005) (noting that we construe "a pro se complaint liberally" and "must accept the allegations of the complaint as true" (quotation omitted)). In order to meet the "imminent danger" requirement, "the harm must be imminent or occurring at the time the complaint is filed." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). In other words, allegations of past injury or harm are insufficient, *see id.*, as are vague and conclusory

- 2 -

assertions of harm, *see White v. Colorado*, 157 F.3d 1226, 1231 (10th Cir. 1998).  To fall within the exception, Mr. Fuller's complaint must therefore contain "*specific* fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury."  *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (emphasis added).

The district court denied Mr. Fuller leave to proceed IFP because it determined that Mr. Fuller failed to allege a serious physical injury occurring at the time he filed the complaint.  But although most of Mr. Fuller's allegations concern past injuries, he also alleges that he is unable to walk without a wheelchair and prison officials have refused to provide him with one.  He claims that, without a wheelchair, he is forced to crawl and is unable to walk to the shower or lift himself from the cell floor to his bed.  If Mr. Fuller does indeed require a wheelchair, the failure to provide him with one could result in a number of serious physical injuries.  We therefore conclude that Mr. Fuller's allegations, assuming they are true, satisfy the imminent danger exception.

In concluding that the exception applies, we express no opinion concerning the merits of Mr. Fuller's claim.  *See Ciarpaglini*, 352 F.3d at 331 (noting that "§ 1915(g) is not a vehicle for determining the merits of a claim").  On remand, the district court should dismiss the complaint as part of the screening process if it determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant.  *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  Provided the complaint satisfies the threshold requirements, the court should

provisionally grant IFP status and proceed with service of process. If the defendants challenge the factual allegations supporting the imminent danger exception, the district court must then determine whether these allegations are credible. *See Fuller v. Myers*, 123 Fed. App'x 365, at *2 (10th Cir. 2005) (unpublished opinion) (citing *Gibbs v. Roman*, 116 F.3d 83, 86–87 (3d Cir. 1997), *overruled on other grounds by Abdul-Akbar v. McKelvie*, 239 F.3d 307 (3d Cir. 2001) (en banc)).

### III. Conclusion

Because Mr. Fuller's complaint facially satisfies the imminent danger requirement, we VACATE the district court's denial of his motion for leave to proceed IFP and REMAND for further proceedings. We also GRANT Mr. Fuller leave to proceed IFP in this appeal and remind him of his obligation under § 1915(b) to make payments until the appellate filing fee is paid in full. In addition, we DENY Mr. Fuller's motion to supplement his opening brief.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge

- 4 -