GLD-285                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2862
_____

DAWN MARIE BALL,
                    Appellant

v.

JUDGE NANCY BUTTS
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 11-cv-01068)
District Judge:  Honorable Yvette Kane
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 8, 2011
Before:  AMBRO, CHAGARES AND COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 21, 2011)
_____

OPINION
_____

PER CURIAM

    Dawn Ball, a Pennsylvania state prisoner, filed suit against Judge Nancy Butts of

the Lycoming County Court of Common Pleas.  Ball alleges that, during a pending

criminal matter, Judge Butts ordered her transferred to SCI-Muncy, where she alleges she

has been mistreated in the past and continues to be mistreated.  Ball further alleges that

Judge Butts ordered the transfer with "malicious intent," and she seeks a transfer to another prison and monetary damages. The District Court granted Ball leave to proceed in forma pauperis ("IFP"), then dismissed her complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) on the basis of judicial immunity. Ball appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and our review of the District Court's application of law under § 1915(e)(2)(B) is plenary. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). Because we too have granted Ball leave to proceed IFP, we must screen this appeal to determine whether it is frivolous. See 28 U.S.C. § 1915(e)(2)(B)(i). An appeal is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

This appeal lacks any such basis. As the District Court adequately explained, immunity extends even to judicial acts that are "done maliciously," and Ball has alleged nothing suggesting that Judge Butts acted in the "clear absence of all jurisdiction." Gallas v. Supreme Court of Pa., 211 F.3d 760, 769 (3d Cir. 2000) (citation and internal quotation marks omitted). To the extent that Ball's request for injunctive relief might not have been subject to dismissal under § 1915(e)(2)(B)(iii), it was subject to dismissal under § 1915(e)(2)(B)(ii) because such relief is not available against "a judicial officer for an act . . . taken in such officer's judicial capacity" under these circumstances. 42 U.S.C. § 1983. Finally, we are satisfied that any amendment of Ball's complaint would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002). Thus, we will dismiss this appeal. Ball's motion for appointment of counsel is denied.