BLD-373         UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3538
_____

DAWN MARIE BALL,

Appellant

v.

LT. HUMMEL; SUPT. GIROUX; TROY EDWARDS; MAJOR FRANZ;
CAPT. KERSHNER; CAPT. WALTMAN; CAPT. CURHAM; DEPUTY SMITH;
DEPUTY NICOLAS; C/O KURTZ; C/O ECKROTH; C/O HOWE; NURSE BOYER;
JANE DOES 3 FEMALE C/O'S; JOHN DOES 3 MALE C/O'S

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 12-cv-00814)
District Judge: Honorable Yvette Kane

_____

Submitted for Possible Dismissal
Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 5, 2014

Before: AMBRO, CHAGARES and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 17, 2014)
_____

OPINION
_____

PER CURIAM

Dawn Ball appeals from an order of the United States District Court for the Middle District of Pennsylvania, which revoked her in forma pauperis ("IFP") status. Ball seeks leave to proceed IFP on appeal. We will grant the motion to proceed IFP,[1] but we will affirm the District Court's order.

The District Court granted the Defendants' motion to revoke Ball's IFP status, finding that she had the following three "strikes" at the time she filed her complaint (in May 2012): Ball v. Butts, No. 1:11-cv-1068 (M.D. Pa. June 14, 2011) (dismissed because defendant was entitled to absolute immunity), Ball v. Hartman, No. 1:09-cv-844 (M.D. Pa. Feb. 16, 2010) (dismissed for failure to state a claim), and Ball v. Butts, 445 F. App'x 457, 475 (3d Cir. Sept. 21, 2011) (not precedential) (dismissed as frivolous). The District Court did not have the benefit of our opinion in Ball v. Famiglio, 726 F.3d 448

---

[1] Ball qualifies financially to proceed IFP, but because she has accumulated "three strikes" for purposes of 28 U.S.C. § 1915(g), see Ball v. Famiglio, 726 F.3d 448, 451 (3d Cir. 2013), she may not proceed IFP unless she can show "imminent danger of serious physical injury" when she filed this appeal. 28 U.S.C. § 1915(g); Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001) (en banc). To fulfill the "imminent danger" requirements, she must demonstrate an adequate nexus between the claims [s]he seeks to pursue and the imminent danger [s]he alleges." See Pettus v. Morgenthau, 554 F.3d 293, 296 (2d Cir. 2009). Here, Ball's complaint alleged excessive force used during cell extraction on January 10, 2012, despite her alleged failure to resist or disobey orders. She alleged that the extraction involved use of an electric body immobilizer device (EBID), causing burns and continuing headaches, nausea and blurred vision, and sexual assault by female guards in front of male guards. The imminent danger motion on appeal similarly describes being beaten and sexually assaulted by guards, with threats to harm her further the next time. See Imminent Danger Motion (stating that guards "are threatening my life & my family's lives & tell me they will beat me up again, but worse this time."); Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) ("An allegation of a recent brutal beating, combined with three separate threatening incidents, some of which involved officers who purportedly participated in that beating, is clearly the sort of ongoing pattern of acts that satisfies the imminent danger exception."). We find that these allegations concern serious physical injury, and that (in contrast to her allegations in a number of her recent appeals) she has shown a sufficient nexus between the allegations of the complaint and the allegations of imminent danger.

(3d Cir. 2013), in which we determined that a dismissal because a defendant is immune from suit does not constitute a "strike." See id., 726 F.3d at 466 ("The District Court's dismissal of [Ball v.] Butts [No. 11-cv-1068] does not count as a strike because it was based on immunity."). However, at the time Ball filed the complaint in this case, she had incurred a third strike; namely, the dismissal of Ball v. SCI Muncy, No. 08-cv-0391 (M.D. Pa.), on a motion filed pursuant to Fed. R. Civ. P. 12(b)(6), because Ball had failed to exhaust administrative remedies. See Ball, 726 F.3d at 466. Ball thus had three strikes at the time she filed the complaint here.

The Report and Recommendation, adopted by the District Court, also evaluated whether Ball was under "imminent danger" at the time she filed her complaint. The Court noted that four months had elapsed between the cell extraction during which she alleged that she was physically harmed and the filing of the complaint. Further, the District Court noted that Ball's complaint did not contain any allegations that she was under imminent danger of serious physical injury, as opposed to having suffered past injury. Ball did not object to the Report and Recommendation, nor did she supplement her IFP application to attempt to meet the requirements of § 1915(g), as she was invited to do by the District Court. Instead, she simply appealed the District Court's order.

We agree that Ball did not demonstrate that she was in imminent danger of serious physical injury at the time she filed the complaint. It may seem odd that we have granted Ball's motion to proceed IFP on appeal and yet affirm the District Court's revocation of her IFP status. But because Ball, at the time of her appeal, alleged renewed threats from the guards that were the subject of the allegations of her complaint, we find that she

3

satisfied the requirements of § 1915(g) here. The complaint, in contrast, lacked any such allegations of renewed threats.

For the foregoing reasons, we will affirm the District Court's order.