FILED
United States Court of Appeals
Tenth Circuit

July 2, 2021

Christopher M. Wolpert
Clerk of Court

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

JABARI J. JOHNSON,

    Plaintiff - Appellant,

v.

DONALD NUNEZ; JAMES JOHNSON;
STEPHANIE DALTON; THOMAS
LITTLE,

    Defendants - Appellees.

No. 21-1108
(D.C. No. 1:21-CV-00730-LTB)
(D. Colo.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **HOLMES**, **KELLY**, and **McHUGH**, Circuit Judges.[**]
_____

Jabari J. Johnson, a Colorado prisoner proceeding pro se, appeals from the

district court's dismissal of his lawsuit for failure to comply with previously imposed

filing restrictions. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

As a different panel of this court noted in a recent order affirming the

dismissal of substantially similar claims, Mr. Johnson has filed more than 100

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

lawsuits in the district court and more than 30 appeals in this court. See Johnson v. Little, Nos. 20-1335, 20-1370, No-1389, 2021 WL 1561337, at *1, *5 (10th Cir. Apr. 21, 2021). Those actions involved claims that, among other things, prison officials deprived Mr. Johnson of a medically necessary wheelchair, thereby forcing him to "scoot and crawl on the floor." Id. at *2–3.

Mr. Johnson has renewed this claim in the instant lawsuit, contending that prison officials have deprived him of a medically necessary wheelchair, denied him access to an ADA-mandated shower cell, limited his access to law library materials, and told other inmates that Mr. Johnson was "a child molester and snitch," thereby endangering his safety. 1 R. 7. The district court dismissed the lawsuit on the basis that Mr. Johnson failed to comply with filing restrictions the court imposed in March 2020 due to Mr. Johnson's abusive litigation. Johnson v. Nunez, No. 21-cv-00730-GPG, ECF No. 3 (D. Colo. Mar. 15, 2021) (unpublished); see also Johnson v. Hawkins, No. 19-cv-03730-LTB, ECF No. 3 at 10–11 (D. Colo. Mar. 4, 2020) (unpublished) (setting out restrictions).

"We review for an abuse of discretion the district court's decision to impose the sanction of dismissal for failure to follow court orders and rules." Gripe v. City of Enid, 312 F.3d 1184, 1188 (10th Cir. 2002).

The district court did not abuse its discretion in dismissing Mr. Johnson's claims for failure to comply with the filing restrictions. Mr. Johnson has received ample notice of the filing restrictions against him, which include requirements that before filing any action he (1) either prepay the filing fee or receive approval from

2

the district court to proceed IFP and (2) provide a notarized affidavit that the lawsuit was not instituted to harass defendants. Johnson, No. 19-cv-03730-LTB, ECF No. 3 at 10–11. As the district court noted, Mr. Johnson did not comply with these requirements. The district court therefore acted well within its discretion in dismissing the complaint.

The district court also denied Mr. Johnson leave to proceed IFP on appeal. Because at least three of Mr. Johnson's prior suits have been dismissed as frivolous, he must either prepay costs and fees or demonstrate that he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). On April 5, 2021, this court directed Mr. Johnson to show cause why he should not be required to prepay the entire filing fee. On May 26, 2021, Mr. Johnson moved for leave to proceed IFP in this court, arguing that he is under imminent danger of serious injury because he has been denied a doctor-mandated wheelchair and because his lack of access to ADA shower cells has caused open sores on his body.

This court has recognized that the failure to provide a prisoner with a medically necessary wheelchair satisfies the imminent danger exception to the prepayment requirement under the PLRA. Fuller v. Wilcox, 288 F. App'x 509, 511 (10th Cir. 2008) (unpublished). However, that exception does not relieve Mr. Johnson of his obligation to provide a coherent and rational argument as to why the district court erred in dismissing the complaint. Mr. Johnson concedes that he did not comply with the filing restrictions imposed by the district court. As discussed above, this failure justified the district court's dismissal. Accordingly, we deny his

3

motion to proceed IFP and direct Mr. Johnson to pay the full filing fee.  We also remind Mr. Johnson of this court's admonition that future appeals from district court cases in which he has made no demonstrable attempt to comply with district court filing restrictions may result in sanctions from this court.  See id. at *5.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge