**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**December 29, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

JABARI J. JOHNSON,

Plaintiff - Appellant,

v.

JANET SMITH; HAROLD
CLAYHURST; KIMBERLY GRAHAM;
DR DEAN WILLIAMS; DAVID LISAC,

Defendants - Appellees.

No. 21-1209
(D.C. No. 1:21-CV-01188-LTB)
(D. Colo.)

### ORDER AND JUDGMENT[*]

Before **MATHESON**, **BALDOCK**, and **PHILLIPS**, Circuit Judges.

Jabari J. Johnson, a Colorado state inmate proceeding pro se,[1] appeals from the district court's dismissal of his 42 U.S.C. § 1983 action. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We liberally construe Mr. Johnson's filings but cannot serve as his "attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

## BACKGROUND

In March 2020, the district court imposed filing restrictions on Mr. Johnson because of his extensive history of frivolous litigation. These restrictions provided that, to initiate an action, Mr. Johnson needed to: (1) properly complete a court-approved prisoner complaint form; (2) pay the filing fee or request to proceed in forma pauperis under 28 U.S.C. § 1915 by completing a court-approved form and submitting a certified inmate account statement; and (3) provide a notarized affidavit certifying the action is not brought for any improper purpose and that the filing complies with the filing restrictions, Rule 8 of the Federal Rules of Civil Procedure, and any other applicable rule. Johnson did not appeal from the order imposing filing restrictions.

In April 2021, Johnson filed the present § 1983 action against a state-court judge, a state-court clerk of court, and three officials with the Colorado Department of Corrections (CDOC), alleging that he was deprived of a medically necessary and CDOC-approved wheelchair and shower cell, threatened for filing lawsuits, denied visits with attorneys, and denied attempts to sue his attorneys. In May, the district court dismissed the case for two reasons. The court first found that Mr. Johnson failed to comply with his filing restrictions because: (1) he did not properly complete a prisoner complaint form; and (2) he did not either pay the filing fee or submit a § 1915 motion and affidavit along with a certified inmate account statement. The court acknowledged Mr. Johnson's allegation that the prison law librarians deprived him of the ability to comply with his filing restrictions by denying him a certified

inmate account statement, a list of his prior cases, and notarization.  But the court

also found that, apart from the filing restrictions, Mr. Johnson "failed to assert claims

that comply with Rule 8 of the Federal Rules of Civil Procedure."  R. at 13.  *See*

Fed. R. Civ. P. 8(a)(2) (noting a complaint "must contain . . . a short and plain

statement of the claim showing that the [plaintiff] is entitled to relief").  Accordingly,

the court dismissed the case without prejudice.  This appeal followed.[2]

### DISCUSSION

#### A. § 1915(g)

Before addressing the merits of Mr. Johnson's appeal, we must determine

whether he may proceed under § 1915(g).

If an indigent prisoner has accumulated at least three strikes for actions or

appeals that were dismissed for frivolousness, maliciousness, or failure to state a

claim, he must pay the full amount of the filing fees at the outset of the appeal or

must show that he "is under imminent danger of serious physical injury."  § 1915(g).

The imminent-danger exception requires "specific, credible allegations of imminent

danger."  *Strope v. Cummings*, 653 F.3d 1271, 1273 (10th Cir. 2011) (internal

quotation marks and brackets omitted).  Because we liberally construe pro se filings

and accept well-pleaded allegations as true, we consider only whether the prisoner

---

[2] Although we imposed filing restrictions on Mr. Johnson with respect to new civil appeals from dismissals for failure to comply with the district court's filing restrictions, the present appeal was filed before our restrictions took effect.  *See Johnson v. Johnson*, No. 21-1152, 2021 WL 4595172, at *2-3 (10th Cir. Oct. 6, 2021) (unpublished), *petition for cert. filed* (U.S. Dec. 21, 2021) (No. 21-6666).

has facially satisfied the imminent-danger exception. *See Boles v. Colo. Dep't of Corr.*, 794 F. App'x 767, 770 (10th Cir. 2019) (unpublished).[3]

In a show-cause order, we identified four civil actions that were dismissed as frivolous and constitute strikes against Mr. Johnson—*Johnson v. Hill*, No. 20-cv-00188-LTB (D. Colo. Mar. 6, 2020); *Johnson v. Hampton*, No. 20-cv-00161-LTB (D. Colo. Mar. 6, 2020); *Johnson v. Ponce*, No. 20-cv-00014-LTB (D. Colo. Mar. 4, 2020); and *Johnson v. Allen*, No. 17-cv-02793-LTB (D. Colo. Mar. 20, 2018). In response, Mr. Johnson asserts he is in imminent danger of serious physical injury.[4] He alleges that the denial of his medically necessary wheelchair has required him to scoot and crawl on the floor, causing pain and exacerbating a foot injury. These allegations facially satisfy the imminent-danger exception, as we concluded in one of his appeals raising identical allegations. *See Johnson v. Little*, 852 F. App'x 369, 371 (10th Cir. 2021) (unpublished) (noting if an inmate "does indeed require a wheelchair, the failure to provide him with one could result in a number of serious

---

[3] We cite *Boles* and other unpublished dispositions herein solely for their persuasive value. *See* 10th Cir. R. 32.1(A).

[4] He also insists in his response that the four actions listed in our order had merit. But he does not dispute that the district court dismissed those actions as frivolous. And because he did not appeal those dismissals, he is bound by them. *See Johnson v. Little*, 852 F. App'x 369, 370 n.2 (10th Cir. 2021) (unpublished) (noting Mr. Johnson is bound by the dismissals in *Hill*, *Hampton*, and *Ponce*).

physical injuries," thus satisfying the imminent-danger exception (quoting *Fuller v.*
*Wilcox*, 288 F. App'x 509, 511 (10th Cir. 2008) (unpublished))).[5]

Accordingly, Mr. Johnson may proceed under § 1915(g), and we grant his
motion to proceed on appeal without prepayment of costs or fees.

## B. Merits

The district court dismissed Mr. Johnson's action for failing to comply with
the court's filing restrictions and, in the alternative, for failing to comply with the
pleading requirements of Rule 8(a).  We review both determinations for abuse of
discretion.  *See Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002) ("We
review for an abuse of discretion the district court's decision to impose the sanction
of dismissal for failure to follow court orders and rules."); *United States ex rel.*
*Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1167 (10th Cir. 2010) (noting
we review for abuse of discretion a dismissal under Rule 8(a)).  "Under this standard,
we will not disturb a trial court's decision absent a definite and firm conviction that
the [trial] court made a clear error of judgment or exceeded the bounds of permissible
choice in the circumstances." *Norton v. City of Marietta*, 432 F.3d 1145, 1156
(10th Cir. 2005) (internal quotation marks omitted).

Mr. Johnson argues the district court erred in dismissing his action for failing
to comply with the filing restrictions, reiterating his allegation that the prison law
librarians refused his requests for documents and notarization needed to comply with

---

[5] We therefore need not consider Mr. Johnson's additional allegations of
imminent danger.  *See Johnson*, 852 F. App'x at 371 n.4.

the filing restrictions.[6]  But we need not address this contention because the district court also dismissed the action for failure to comply with the pleading requirements of Rule 8(a).  And as to that determination, Mr. Johnson offers no argument.  "If the district court states multiple alternative grounds for its ruling and the appellant does not challenge all those grounds in the opening brief, then we may affirm the ruling." *Rivero v. Bd. of Regents*, 950 F.3d 754, 763 (10th Cir. 2020).  In any event, having reviewed the complaint, we perceive no abuse of discretion.

Accordingly, we affirm the district court's dismissal of Mr. Johnson's action.

## CONCLUSION

The district court's judgment is affirmed.  We grant Mr. Johnson's motion for leave to proceed without prepayment of costs or fees, but we remind him that he is obligated to continue making partial payments until the entire fee has been paid.

Entered for the Court

Gregory A. Phillips
Circuit Judge

---

[6] He also asserts the district court abused its discretion in "placing unreasonable sanctions" on him.  Aplt. Opening Br. at 3.  But because "he did not appeal from the judgment . . . when the district court imposed the restrictions, . . . it is too late for him to appeal from it now," so "[h]e is bound by" the judgment imposing those restrictions. *Johnson*, 852 F. App'x at 373-74.