The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader. The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
January 11, 2024

## 2024COA5

**No. 23CA0469, *Johnson v McGrath* — Courts and Court Procedure — Inmate Lawsuits — Successive Claims — Imminent Danger of Serious Physical Injury**

A division of the court of appeals determines, as a matter of first impression, how a court should analyze an inmate's claim that the "imminent danger of serious physical injury" exception under section 13-17.5-102.7(2), C.R.S. 2023, is applicable, which would entitle the inmate to proceed as a poor person despite being barred under the three strikes rule in section 13-17.5-102.7(1). The division concludes that to successfully allege the imminent danger exception, (1) the allegation of serious physical injury must be specific; (2) the specifically alleged danger must be imminent; and (3) there must be allegations showing a nexus between the claims for relief and the allegation of imminent serious physical injury.

COLORADO COURT OF APPEALS     **2024COA5**

Court of Appeals No. 23CA0469
El Paso County District Court No. 23CV33
Honorable Gregory R. Werner, Judge

Jabari J. Johnson,

Plaintiff-Appellant,

v.

Meridith McGrath,

Defendant-Appellee.

JUDGMENT AFFIRMED

Division C
Opinion by JUDGE KUHN
J. Jones and Dunn, JJ., concur

Announced January 11, 2024

Jabari J. Johnson, Pro Se

No Appearance for Defendant-Appellee

¶ 1   Plaintiff, Jabari J. Johnson, is an inmate in a Colorado Department of Corrections (DOC) facility and a frequent filer in the Colorado courts. In this action, Johnson challenges the district court's judgment dismissing his civil complaint for failure to pay a filing fee. He contends that he alleged the imminent danger of serious physical injury exception (the imminent danger exception) to the "three strikes rule" on prisoner filings, entitling him to proceed in forma pauperis (IFP).[1]

¶ 2   We hold that when an inmate is barred from proceeding IFP because of the three strikes rule, the district court must review for — but need not make a separate finding regarding — the imminent danger exception. Here, while Johnson raised the issue of imminent danger of serious physical injury, when analyzed under the test set forth below, he did not sufficiently allege the imminent danger exception. Thus, the district court did not err by denying

---

[1] The "three strikes rule" bars an inmate from proceeding IFP if the inmate has brought three or more civil actions based upon prison conditions that have been dismissed on the grounds that they were frivolous, groundless, or malicious or failed to state a claim upon which relief may be granted. § 13-17.5-102.7, C.R.S. 2023.

Johnson's motion to proceed IFP because he is barred by the three strikes rule. We affirm.

## I. Background

¶ 3 Johnson's complaint challenges conditions related to his incarceration and complains about the actions of a DOC employee. Johnson requested that the district court allow him to proceed IFP under section 13-17.5-103, C.R.S. 2023, which would allow him to move forward with his inmate lawsuit without prepaying service and filing fees.

¶ 4 Upon reviewing Johnson's request to proceed IFP, the district court applied the three strikes rule and denied his request based on section 13-17.5-102.7(1), C.R.S. 2023. It found that Johnson had, on three or more occasions, brought civil actions based on prison conditions that had been dismissed on the grounds that they were frivolous, groundless, or malicious or failed to state a claim upon which relief may be granted. The district court then dismissed Johnson's suit for failure to pay filing and service fees, and Johnson appealed. On appeal, Johnson contends that the district court

erred by denying his request to proceed IFP because he alleged that he was in imminent danger of serious physical injury.[2]

¶ 5    The district court did not address section 13-17.5-102.7(2), which provides an exception to the three strikes rule for an inmate who "alleges sufficient facts which, if assumed to be true, would demonstrate that the inmate is in imminent danger of serious physical injury." Implicit in Johnson's contention on appeal is the question whether the district court was required to make a finding on the exception to the three strikes rule.

¶ 6    Johnson has filed eight cases in the El Paso County District Court (20CV112, 20CV121, 20CV274, 21CV44, 21CV320, 22CV52, 22CV186, and 22CV208), and all have been dismissed. On September 1, 2022, a division of our court issued an opinion in *Johnson v. Executive Director of the Colorado Department of Corrections*, (Colo. App. No. 21CA1439, Sept. 1, 2022) (not published pursuant to C.A.R. 35(e)). In that case, Johnson filed an appeal from a Fremont County District Court order dismissing his

---

[2] Johnson raised three iterations of this same issue in his notice of appeal. However, in his opening brief, he argues all three issues as one. Therefore, we treat his claim as a single contention.

complaint for failing to pay filing fees. In affirming the order, the division noted that Johnson had filed twenty-five complaints in Fremont County in 2020 alone. Eleven of those complaints had been dismissed as frivolous, groundless, and vexatious, and fourteen had been dismissed for failure to state a claim upon which relief could be granted. There is no dispute that Johnson has accumulated more than the three strikes required by section 13-17.5-102.7(1).

## II. Standard of Review and Applicable Law

¶ 7 Whether a litigant is indigent and thus allowed to file a civil action without payment of costs is generally a matter committed to the trial court's discretion. *Collins v. Jaquez*, 15 P.3d 299, 301 (Colo. App. 2000). The ability to proceed without paying costs "in a civil case is a privilege, not a right, fundamental or otherwise." *Farmer v. Raemisch*, 2014 COA 3, ¶ 12.

¶ 8 Section 13-17.5-102.7 and several related statutes limit the trial court's discretion to permit IFP filings in civil actions brought by prisoners. Whether the trial court properly applied those statutes is a question of law we review de novo. *See Schwartz v. Owens*, 134 P.3d 455, 459 (Colo. App. 2005). We also review de

4

novo a district court's order dismissing a case as a matter of law and questions of statutory construction. *Cisneros v. Elder*, 2022 CO 13M, ¶ 21; *Rueb v. Rich-Fredericks*, 2020 COA 168, ¶ 7.

¶ 9 "In construing a statute, our goal is to effectuate the legislature's intent." *Dep't of Revenue v. Agilent Techs., Inc.*, 2019 CO 41, ¶ 16. In doing so, we "consider the entire statutory scheme to give consistent, harmonious, and sensible effect to all of its parts, and we construe words and phrases in accordance with their plain and ordinary meanings." *Cisneros*, ¶ 21 (quoting *Ryser v. Shelter Mut. Ins. Co.*, 2021 CO 11, ¶ 14). If the statutory language is clear and unambiguous, then we do not resort to other rules of statutory construction, and we presume that the General Assembly intends a just and reasonable result. *Id.* "We, however, are not at liberty to alter the wording of a statute. Nor may we interpret statutory language so as to render any of that language superfluous." *Harvey v. Cath. Health Initiatives*, 2021 CO 65, ¶ 33.

¶ 10 Johnson appears pro se, and his complaint is difficult to read; however, "[p]leadings by pro se litigants must be broadly construed to ensure that they are not denied review of important issues because of their inability to articulate their argument like a lawyer."

*Jones v. Williams*, 2019 CO 61, ¶ 5. It is not this court's role, however, to rewrite a pro se litigant's pleadings. Nor may we act as an advocate for a pro se litigant. *See People v. Cali*, 2020 CO 20, ¶ 34.

### III. The District Court Must Review for, But Does Not Need to Make a Specific Finding Regarding, Section 13-17.5-102.7(2)

¶ 11 To address Johnson's contention, we must first determine whether the imminent danger exception to the three strikes rule requires the district court to make explicit findings about the alleged danger.

¶ 12 Section 13-17.5-103 states that an inmate is not prohibited from filing a civil action just because "the inmate has no assets and no means by which to pay" fees. The three strikes rule in section 13-17.5-102.7(1) is an exception to that general rule:

> No inmate who on three or more occasions has brought a civil action based upon prison conditions that has been dismissed on the grounds that it was frivolous, groundless, or malicious or failed to state a claim upon which relief may be granted or sought monetary relief from a defendant who is immune from such relief, shall be permitted to proceed as a poor person in a civil action based upon prison conditions under any statute or constitutional provision.

¶ 13     Section 13-17.5-103(2) is, in turn, an exception to subsection (1).  It provides that an inmate may proceed in an action, notwithstanding having three strikes, without paying the filing fee "if the judge finds that the action alleges sufficient facts which, if assumed to be true, would demonstrate that the inmate is in imminent danger of serious physical injury."  § 13-17.5-102.7(2).

¶ 14     As an initial matter, we conclude that a district court reviewing a motion and complaint under section 13-17.5-103 and section 13-17.5-102.7 must determine whether the imminent danger exception applies.  The court should review the initial filings for assertions that, if taken as true, would demonstrate the inmate is in imminent danger of serious physical injury and would thus trigger the exception in subsection (2).[3]  This is so because an inmate's ability to proceed without paying filing fees is determined before a responsive pleading is filed, and, therefore, the district

---

[3] We note that Johnson used preprinted form JDF 201 to request a waiver of filing fees.  That form does not provide any space to address the imminent danger exception.  *See* JDF 201, Inmate Motion Requesting to File Without Prepayment of Filing/Service Fees (revised Apr. 2018), https://perma.cc/G4FX-DFAR.  Thus, any allegations about the exception would only have been in the complaint.

court must undertake that review on its own to give effect to the statute.

¶ 15    Turning to the findings themselves, the plain language of section 13-17.5-102.7 demonstrates that the district court is not required to make specific factual findings regarding the imminent danger exception in every case.  However, if the district court determines that the exception applies, then it should make whatever findings are appropriate under the facts of the case.

¶ 16    Subsection (2) provides that an inmate may proceed IFP, notwithstanding the three strikes rule, *if* the court finds imminent danger of serious physical injury.  The structure of this clause is conditional.  It envisions that a judge may or may not make findings.  This also tracks the purpose of subsection (2), which is an exception to an exception.  There would be no reason for the court to make findings about the imminent danger of serious physical injury if the inmate hasn't pleaded any allegations to support the exception in the first place.

¶ 17    Thus, when an inmate with three strikes makes a proper request to proceed IFP, section 13-17.5-102.7(2) requires the district court to review the initial filings to see if the inmate has

alleged sufficient facts, if taken as true, to trigger the imminent danger exception to the three strikes rule. If the inmate alleges sufficient facts establishing that this exception applies, as described below, then the district court should allow the plaintiff to proceed IFP. *See* § 13-17.5-102.7(2). But if the plaintiff fails to allege sufficient facts, then subsection (2) does not apply, and the district court must deny the request to proceed IFP under subsection (1).

### IV. Imminent Danger of Serious Physical Injury Test

¶ 18 Having articulated the review process required by section 13-17.5-102.7, we turn to Johnson's contention that the district court erred by denying his request to proceed IFP because he alleged that he was in imminent danger of serious physical injury.

¶ 19 The district court denied Johnson's request, without making specific findings regarding the imminent danger exception, because he had reached his three-strike limit.[4] In his complaint, Johnson

---

[4] In *Johnson v. Executive Director of the Colorado Department of Corrections*, (Colo. App. No. 21CA1439, Sept. 1, 2022) (not published pursuant to C.A.R. 35(e)), a division of this court addressed whether Johnson has incurred three strikes under section 13-17.5-102.7(1), C.R.S. 2023. He has. Therefore, we limit our analysis to whether he has alleged sufficient facts in his initial filings demonstrating that he is in imminent danger of serious

9

broadly alleged that he was in "imminent danger" and expressed a fear of being killed, assaulted, or harmed.

¶ 20    No Colorado case has addressed how courts should analyze whether an inmate has alleged "sufficient facts which, if assumed to be true, would demonstrate that the inmate is in imminent danger of serious physical injury." § 13-17.5-102.7(2). Because section 13-17.5-102.7 is similar to its federal counterpart, we find analogous federal cases persuasive and determine that courts should apply a three-part test to resolve this question. *See Furlong v. Gardner*, 956 P.2d 545, 551 (Colo. 1998) ("In interpreting a state statute, we often turn to the analogous federal statute and related case law.").

¶ 21    We conclude that to successfully allege section 13-17.5-102.7(2)'s imminent danger exception, (1) the allegation of serious physical injury must be specific; (2) the specifically alleged danger must be imminent; and (3) there must be allegations showing a nexus between the claims for relief and the allegation of imminent serious physical injury.

---

physical injury, entitling him to proceed IFP despite his numerous other filings.

### A. Specific Allegation of Serious Physical Injury

¶ 22 First, the allegation of serious physical injury must be specific. Under section 13-17.5-102.7(2), "the judge [must] find[] that the action alleges sufficient facts" to invoke the exception. By the statute's plain language, sufficient facts are those that, when taken as true, demonstrate a claim for imminent danger of serious physical injury. As with any civil claim, the factual allegations must be specific enough to support a claim for relief. *See, e.g.,* *Patterson v. James*, 2018 COA 173, ¶ 23 ("To survive summary dismissal for failure to state a claim, a party must plead sufficient facts that, if taken as true, suggest plausible grounds to support a claim for relief." (citing *Warne v. Hall*, 2016 CO 50, ¶ 24)). Claims of physical injury that are so vague or conclusory as to deprive the district court of the ability to make the required findings are not sufficient to support the exception to the three strikes rule in section 13-17.5-102.7(2). *See Warne*, ¶ 27 (concluding that claims that are conclusory are not entitled to an assumption that they are true).

¶ 23 This interpretation aligns with other jurisdictions' reading of 28 U.S.C. § 1915(g), the federal three strikes rule, which contains a

11

similar exception.[5]  *See Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1180 (10th Cir. 2011) (If alleging lack of medical care, an inmate "should make a 'specific reference as to which of the defendants may have denied him what medication or treatment for what ailment on what occasion.'  He should identify at least 'the general nature of the "serious physical injury" he asserts is imminent.'  '[V]ague and utterly conclusory assertions' are insufficient.  '[C]redible, uncontroverted allegations of physical threats and attacks' would be sufficient, however.") (citations omitted), *abrogated on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 534 (2015); *White v. Colorado*, 157 F.3d 1226, 1231 (10th Cir. 1998).

## B.    Allegation that Danger of Serious Physical Injury is Imminent

Second, the specific allegation of serious physical injury must "demonstrate that the inmate is in *imminent danger*." § 13-17.5-102.7(2) (emphasis added).  "Danger" means "[p]eril; exposure to harm, loss, pain, or other negative result."  Black's Law

---

[5] The federal statute lacks a separate subsection for the imminent danger exception and does not afford inmates an assumption of truth in their allegations.

Dictionary 493 (11th ed. 2019).  In the criminal context, the term "imminent danger" is defined as "[a]n immediate, real threat to one's safety that justifies the use of force in self-defense."  *Id.*  "Imminent" alone means "threatening to occur immediately; dangerously impending."  *Id.* at 898.  Common language dictionaries define imminent as "ready to take place: happening soon."  Merriam-Webster Dictionary, https://perma.cc/5QRT-YTT5.

¶ 25    Section 13-17.5-102.7(2)'s present tense "is," combined with the adjective "imminent," dictates that the "danger" includes only harms that are occurring now or immediately thereafter.  Under this factor, an inmate must allege a danger of serious physical injury that is happening at the time of filing or is about to happen.  This encompasses harm that is ongoing at the time of filing.  However, it does not encompass a danger that has already occurred (and has ended) or might occur in the remote future.  *See Fuller v. Wilcox,* 288 F. App'x 509, 511 (10th Cir. 2008) ("In order to meet the 'imminent danger' requirement, 'the harm must be imminent or occurring at the time the complaint is filed.'" (quoting *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003))); *Abdul-Akbar v. McKelvie,* 239 F.3d 307, 313 (3d Cir. 2001) ("Someone whose danger has

passed cannot reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'"); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) ("As the statute's use of the present tense verbs 'bring' and 'is' demonstrates, an otherwise ineligible prisoner is only eligible to proceed IFP if he is in imminent danger at the time of filing. Allegations that the prisoner has faced imminent danger in the past are insufficient to trigger this exception to § 1915(g)."). Thus, an inmate seeking monetary damages based on a prior alleged assault would not satisfy this imminence factor as that claim seeks to recover damages for a past harm rather than to prevent an imminent danger of serious physical injury.

### C.    Nexus Between Claims and Alleged Danger of Serious Physical Injury

¶ 26    Third, there must be a nexus between the claim and the allegation of imminent serious physical injury. Put simply, an inmate alleging imminent danger must also seek relief that would alleviate that danger.

¶ 27    In enacting subsection (2)'s exception to the three strikes rule, the legislature created a last resort for individuals who are

14

genuinely in danger of serious physical harm despite their repeated prior frivolous, groundless, malicious, or meritless filings based on prison conditions. An inmate facing an imminent danger of serious physical injury can file suit seeking to prevent that harm. However, if an inmate is seeking relief that is designed to remedy past wrongs or would not alleviate the imminent danger alleged, then the claims cannot support the invocation of the imminent danger exception under section 13-17.5-102.7(2).

¶ 28    This nexus requirement ensures that the imminent danger exception to the three strikes rule actually addresses the alleged danger while also advancing "the General Assembly's goal of deterring frivolous and meritless prisoner lawsuits." *Farmer*, ¶ 18. The General Assembly's legislative declaration for title 13, article 17.5 says that

> the state has a strong interest in limiting substantially frivolous, groundless, or vexatious inmate lawsuits that impose an undue burden on the state judicial system. While recognizing an inmate's right to access the courts for relief from unlawful state actions, the [G]eneral [A]ssembly finds that a significant number of inmates file substantially frivolous, groundless, or vexatious lawsuits.

> . . . The [G]eneral [A]ssembly, therefore, determines that it is necessary to enact legislation that promotes efficiency in the disposition of inmate lawsuits by providing for preliminary matters to be determined by magistrates and to provide for sanctions against inmates who are allowed to file claims against public defendants and whose claims are dismissed as frivolous.

§ 13-17.5-101(1)-(2), C.R.S. 2023.

¶ 29   Thus, for example, if an inmate alleges a specific impending assault, the claim for relief must be directed toward that alleged harm.  But a claim for an injunction requiring a specific food at the cafeteria would not show the necessary nexus between imminent danger and the sought after remedy.

¶ 30   Federal courts also often apply the requirement that there be a nexus between an inmate's claims and the imminent danger when analyzing petitions under § 1915(g).  *See, e.g.*, *Pettus v. Morgenthau,* 554 F.3d 293, 296 (2d Cir. 2009) ("We agree with the district court that § 1915(g) allows a three-strikes litigant to proceed IFP only when there exists an adequate nexus between the claims he seeks to pursue and the imminent danger he alleges."); *Ball v. Hummel,* 577 F. App'x 96, 96 n.1 (3d Cir. 2014) (per curiam) ("To fulfill the 'imminent danger' requirements, she must demonstrate an

16

adequate nexus between the claims [s]he seeks to pursue and the 'imminent danger [s]he alleges.'" (quoting *Pettus*, 554 F.3d at 296)) (alterations in original); *Pinson v. U.S. Dep't of Just.*, 964 F.3d 65, 73 (D.C. Cir. 2020) ("We see no need to articulate a precise test for evaluating section 1915(g)'s nexus requirement because, whatever the standard, Gorbey's claims bear no relationship at all to the dangers alleged."); *McFadden v. U.S. Dep't of Just.*, 270 F. Supp. 3d 82, 89 (D.D.C. 2017) ("[T]he language of the exception itself is, at most, incomplete; it neither imposes a nexus requirement nor forecloses the imposition of such a requirement. But, more importantly, the exception cannot be read in isolation from its 'context' and 'place in the overall statutory scheme,' and that context supports a nexus requirement.") (citations omitted). *But see Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 588 (6th Cir. 2013) ("[W]e decline to reach whether § 1915(g) incorporates a nexus requirement, as [defendant] would not prevail even if we were to adopt the Second Circuit standard."); *Barber v. Krepp*, 680 F. App'x 819, 821 (11th Cir. 2017) (per curiam) (declining to decide whether "§ 1915(g)'s 'imminent danger' exception requires proof of . . . a nexus" because, even if it did, the plaintiff had alleged such "a

17

nexus between the harm he has suffered and the defendant's inaction").

¶ 31     The Second Circuit Court of Appeals articulated the rationale for this rule well:

> [T]here must be a nexus between the imminent danger a three-strikes prisoner alleges to obtain IFP status and the legal claims asserted in his complaint. . . .  By analogy to our ordinary standing rules, we think that the statute requires that the prisoner's complaint seek to redress an imminent danger of serious physical injury and that this danger must be fairly traceable to a violation of law alleged in the complaint.
>
> The law of standing provides the most natural analogy for giving content to the nexus requirement because the statute identifies a particular injury-in-fact (i.e., the imminent danger of serious physical injury) that Congress singled out for special protection. . . .
>
> . . . Absent some nexus between a complaint's claims and its allegation that a plaintiff is under imminent danger of serious physical harm, the injury-in-fact that Congress so carefully excepted from the general requirement that a three-strikes litigant pay his filing fees could go unaddressed by the litigation — a result clearly contrary to the *raison d'être* of the exception itself.  When, in contrast, a complaint seeks to redress an imminent danger that is fairly traceable to allegedly unlawful conduct complained of in the pleading, the three-strikes litigant has

shown that he fits squarely within § 1915(g)'s 'escape hatch' and that payment of a filing fee should be excused.

*Pettus*, 554 F.3d at 297-98.[6]

¶ 32    Therefore, to satisfy the third factor, an inmate's complaint must contain allegations showing a sufficient nexus between the factual allegations of imminent physical injury and the legal claims for which the inmate seeks redress.

## V.    Johnson's Allegations

¶ 33    Johnson's complaint fails to allege sufficient facts that, if assumed to be true, would demonstrate that he is in imminent danger of serious physical injury.  Accordingly, the district court did not err by denying his motion to proceed IFP.

### A.    Johnson's Allegations Are Not Specific

¶ 34    Johnson's complaint does not sufficiently articulate who is subjecting him to imminent danger of serious physical injury.

---

[6] *Wimberly v. Ettenberg*, 194 Colo. 163, 168, 570 P.2d 535, 539 (1977), provides the standing requirements under Colorado law: "The proper inquiry on standing is whether the plaintiff has suffered injury in fact to a legally protected interest as contemplated by statutory or constitutional provisions."

While he does allege that he was or may be in danger, he fails to make specific allegations tying individuals to that danger.

¶ 35 Johnson names Merideth McGrath as the defendant; however, he does not say who she is in his complaint, his briefing, or the provided record.[7] Additionally, the vast majority of Johnson's claims do not assert credible, uncontroverted allegations of physical threats and attacks. *See Hafed*, 635 F.3d at 1180. Instead, he asserts vague, speculatory, and conclusory allegations against the DOC or unnamed "COs," which are presumably corrections officers.

¶ 36 For example, Johnson alleges the following in his complaint:

- "DOC continues to place [Johnson] around enemies and enemies in attempts to attack, placing [Johnson's] life in imminent danger, refusing [Johnson] [use] of [a] wheelchair and other disability aids due to [Johnson's] disability."

- Johnson has a "fear of inmate assault, which has been created by multiple DOC staff."

---

[7] His complaint implies that McGrath works for the DOC in a supervisory position, but he does not say this, say what her role is, or say who she supervises or how she is connected to his imminent danger.

- DOC staff are "[n]ot allowing medical or dental treatment and refusing to bring him to medical treatment stating that he has to walk when [Johnson] has a well-known conversion disorder."

- DOC, in retaliation, is "attempting to try to kill [Johnson]."

- "[Johnson] has not been able to shower since 2019 . . . . Staff have stated that [Johnson] has no records of wheelchair orders, when [Johnson] does[,] retaliation against him forcing [Johnson] to scoot and crawl on the floor since 2019."

- "[Johnson], family, friends, lawyers, and Judges, have numerous items of evidence proving an unsafe environment, yet the Colorado courts do nothing but aid the conspiracy to kill Mr. Johnson because of his litigation."

¶ 37    Johnson's allegations vaguely allege a fear of assault, refusal of medical treatment, and a deprivation of a wheelchair. These vague and conclusory allegations do not constitute specific allegations of fact that would justify invoking the imminent danger

21

exception. While Johnson expresses that he feels unsafe in the prison environment, general assertions of fear of assault do not support claims of imminent danger. *White*, 157 F.3d at 1231. Instead, a defendant must provide "*specific* fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Fuller*, 288 F. App'x at 511 (quoting *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)). Johnson does not do so in this case.

¶ 38 Further, while refusing medical care may constitute an imminent threat to physical well-being under some circumstances, a defendant should specify who has denied him treatment, for what, and on what occasion. *See Hafed*, 635 F.3d at 1180. Johnson's assertions are not specific, do not identify individuals, do not say when he was denied treatment, and are vague and conclusory. Thus, these allegations fail to demonstrate the first factor necessary to meet the imminent danger exception.

¶ 39 However, unlike the allegations noted above, Johnson does make one allegation that generally sets forth an action taken by McGrath:

> Merideth McGrath has full knowledge of the safety disability issues as she has been provided adequate documents of the COs and inmates along with paper forms proving such, yet she allows staff members at the [S]terling correctional facility to aid inmates in opening their door to allow them to come out of their cells so that the COs could open door only to [have] him assaulted because he is not afraid to litigate AND WILL NEVER STOP."

¶ 40 Construed broadly, this claim alleges that McGrath has allowed her subordinates to help other inmates assault Johnson. Assuming what Johnson says is true, this claim still fails to demonstrate imminent danger of serious physical injury because it does not make specific allegations. It is impossible to tell from the complaint whether corrections officers are releasing other inmates from their cells in the normal course of the day, or whether Johnson alleges that those officers are creating a situation that specifically targets Johnson. Nor does it specifically identify how McGrath is involved, other than the vague allegation that she may "allow" her staff to be involved.

¶ 41 We thus conclude that Johnson's allegations of serious physical injury are not sufficiently specific.

23

## B. Remaining Factors

¶ 42 Johnson's claims fail under the remaining two factors as well. The assault allegation relates to past conduct. It is not ongoing or about to occur. Johnson uses a mix of past and present tense, but even construing his pleading as broadly as possible, he does not make sufficient factual allegations showing that McGrath — or even the unnamed corrections officers — are currently or about to open his cell doors to have him assaulted by the other inmates. We therefore conclude that Johnson has not alleged that the assault is imminent.[8]

¶ 43 Likewise, Johnson's complaint fails to meet factor three because there is no nexus between his claims and his factual allegations of serious physical injury. Johnson makes three claims for relief: (1) $20,000,000 in punitive and compensatory damages under "federal 1983 relief"; (2) $350,000 in punitive and compensatory damages under state law; and (3) relief under an

---

[8] We note that Johnson appears to satisfy the second factor through his allegation that he has been deprived of a wheelchair. However, this claim fails on the other two elements and, therefore, does not entitle him to relief.

"interstate compact" because of retaliation and not receiving medical treatment and accommodations.[9] Due to their retrospective nature, they would not redress an imminent danger of serious physical injury.[10] There is no nexus between these claims and Johnson's allegation of assault.

¶ 44    In sum, Johnson's claims do not satisfy the requirements of section 13-17.5-102.7(2) because they fail to (1) specifically allege serious physical injury; (2) allege imminent danger (with the possible exception of his wheelchair claim); and (3) establish a nexus between his claims for relief and his allegations of imminent danger of serious physical injury. All three factors must be met for an inmate's claims to qualify for the exception in section 13-17.5-102.7(2). Therefore, we conclude that Johnson's complaint fails to allege sufficient facts entitling him to application of the imminent danger exception to the three strikes rule under section

---

[9] The first two claims are explicitly for compensatory and punitive monetary damages and are directed toward redressing past actions. Johnson doesn't describe this last item in sufficient detail for us to understand which interstate compact he seeks relief under.

[10] While money damages could conceivably redress an ongoing imminent danger, Johnson did not allege such facts in this case.

13-17.5-102.7(2). It follows that the district court did not err by denying Johnson's motion to proceed IFP.

## VI. Disposition

¶ 45 The judgment is affirmed.

JUDGE J. JONES and JUDGE DUNN concur.